# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ELMERINDA DE JESÚS AYALA,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CIVIL NO.: 22-1648 (MEL)

**OPINION AND ORDER**

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

Pending before the court is Ms. Elmerinda De Jesús Ayala's ("Plaintiff") appeal from the decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability benefits under the Social Security Act. ECF No. 2. On August 21, 2017, Plaintiff filed an application for Social Security benefits, alleging that she initially became unable to work due to disability on July 20, 2017 (the "onset date"). Tr. 25. Prior to the onset date, Plaintiff's past relevant work was in classified advertising and as a customer order clerk. Tr. 33. Plaintiff met the insured status requirements of the Social Security Act through December 31, 2022. Tr. 27. Plaintiff's disability claim was denied initially on January 11, 2019, and upon subsequent reconsideration on February 21, 2020. Tr. 25.

Thereafter, Plaintiff requested a hearing which was held on June 16, 2021, before an Administrative Law Judge (the "ALJ").[1] Tr. 25. On November 15, 2021, the ALJ issued a written decision finding that Plaintiff was not disabled. Tr. 34. Thereafter, Plaintiff requested

---

[1] The ALJ held a telephone hearing "due to the extraordinary circumstance presented by the Coronavirus Disease 2019 (COVID-19) Pandemic." Tr. 25.

review of the ALJ's decision. *See* Tr. 397–98. The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner, subject to judicial review. Tr. 1. Plaintiff sought judicial review on December 29, 2022. ECF No. 2. Both parties have filed supporting memoranda. ECF Nos. 24, 29.

## II.    LEGAL STANDARD

### A. Standard of Review

Once the Commissioner has rendered a final determination on an application for disability benefits, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing [that decision], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to determining whether the ALJ employed the proper legal standards and whether her factual findings were founded upon sufficient evidence. Specifically, the court "must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error." *López-Vargas v. Comm'r of Soc. Sec.*, 518 F. Supp. 2d 333, 335 (D.P.R. 2007) (citing *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam)).

Additionally, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The standard requires "'more than a mere scintilla of evidence but may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

While the Commissioner's findings of fact are conclusive when they are supported by substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) (citing *Da Rosa v. Sec'y of Health & Human Servs.*, 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); *Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam)). Moreover, a determination of substantiality must be made based on the record as a whole. *See Ortiz*, 955 F.2d at 769 (citing *Rodríguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981)). However, "[i]t is the responsibility of the [ALJ] to determine issues of credibility and to draw inferences from the record evidence." *Id*. Therefore, the court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." *Rodríguez Pagán v. Sec'y of Health & Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

**B. Disability under the Social Security Act**

To establish entitlement to disability benefits, a plaintiff bears the burden of proving that she is disabled within the meaning of the Social Security Act. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social Security Act if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according to a five-step sequential process. 20 C.F.R. § 404.1520; *Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003); *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999); *Yuckert*, 482 U.S. at 140–42. If it is conclusively

determined that plaintiff is or is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). However, if the ALJ cannot conclusively determine whether a plaintiff is or is not disabled at a given step, then the analysis will proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step one, it is determined whether plaintiff is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If she is, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If she does, then the ALJ determines at step three whether plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then plaintiff is conclusively found to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether plaintiff's impairment or impairments prevent her from doing the type of work she has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv).

In assessing an individual's impairments, the ALJ considers all the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by her mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's residual functioning capacity ("RFC"). *Id*. If the ALJ concludes that plaintiff's impairment or impairments do prevent her from performing her past relevant work, the analysis proceeds to step five. At this final step, the ALJ evaluates whether plaintiff's RFC, combined with her age, education, and work experience, allows her to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the

ALJ determines that there is work in the national economy that plaintiff can perform, then disability benefits are denied. 20 C.F.R. § 404.1520(g).

### III. THE ALJ'S DECISION

In the ALJ's decision dated November 15, 2021, the ALJ found that Plaintiff had met the insured status requirements of the Social Security Act through December 31, 2022, the date last insured. Tr. 27, 34. At step one of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the onset date of July 20, 2017, through the date last insured. Tr. 27. At step two, the ALJ determined that Plaintiff had the following severe impairment: "major depressive disorder." Tr. 27. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 28. Next, the ALJ determined that during the relevant period:

> [Plaintiff] has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: is able to perform simple, routine and repetitive tasks, but not at a production rate pace.

Tr. 30. At step four, the ALJ determined that during the relevant period, Plaintiff was not capable of performing her past relevant work in classified advertising or as a customer order clerk. Tr. 33. At step five, the ALJ presented Plaintiff's RFC limitations, as well as her age, education, and work experience to a vocational expert ("VE"). Tr. 33. The VE testified that a hypothetical individual with a similar RFC would be able to perform the following representative occupations: linen room attendant, hand packager, and warehouse worker. Tr. 34. Because there was work in the national economy that Plaintiff could perform, the ALJ concluded that she was not disabled. Tr. 34.

**IV.   LEGAL ANALYSIS**

Plaintiff objects to the ALJ's denial of disability benefits and contends that the ALJ erred at step three and five of the sequential evaluation process, as well as in the RFC determination. ECF No. 24 at 5–10. The Commissioner responds asserting that Plaintiff's arguments are undeveloped, and therefore waived. ECF No. 29 at 4. In the alternative, the Commissioner argues that the ALJ's decision was supported by substantial evidence and should therefore be affirmed. ECF No. 29 at 5. Because the court finds that all of Plaintiff's claims are undeveloped, they are waived, and therefore Plaintiff is not entitled to remand. *Handford ex rel. I.H. v. Colvin*, 2014 WL 114173, at *11 (N.D. Ill. Jan. 10, 2014) (noting in a Social Security appeal, "perfunctory and undeveloped arguments" are deemed waived.); *Redondo–Borges v. Dept. of Housing and Urban Development*, 421 F.3d 1, 6 (1st Cir. 2005) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Nonetheless, Plaintiff raises few points meriting further discussion, which the court addresses in turn.

**A.  Plaintiff has failed to show that the ALJ erred at step three.**

Plaintiff argues that her mental impairments satisfied the criteria under Listing 12.04. ECF No. 24 at 5–7; 20 C.F.R. Pt. 404, Subpt. P, App. 1, Part A2, § 12.04. At step three, the plaintiff bears the burden of proving that her impairment or combination of impairments meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 404.1520(d); *Dudley v. Sec'y of Health & Human Servs.*, 816 F.2d 792, 793 (1st Cir. 1987) ("[t]he burden to demonstrate the existence of such a [listed] impairment rests with the [plaintiff]."). To meet the criteria of a listing, the plaintiff's impairment must satisfy all the duration and objective medical requirements. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("For a [plaintiff] to show that his

impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."); 20 C.F.R. § 404.1525(c)(3).

To satisfy the criteria under Listing 12.04, a plaintiff must first show medical documentation of a depressive disorder or bipolar disorder (the Paragraph 12.04A requirement) and must also satisfy either Paragraph B or Paragraph C of Listing 12.04. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Part A2, § 12.04. Paragraph B of Listing 12.04 requires that a plaintiff demonstrate an "[e]xtreme limitation of one, or marked limitation of two, of the following areas of mental functioning": (1) "[u]nderstanding, remembering, or applying information"; (2) "interacting with others"; (3) "concentrating, persisting, or maintaining pace"; or (4) "adapting or managing oneself." § 12.04B. A marked limitation means that a plaintiff's functioning in the area "independently, appropriately, effectively, and on a sustained basis is seriously limited." § 12.00F2d. Here, the ALJ found that Plaintiff had moderate limitations in understanding, remembering or applying information and concentrating, persisting, or maintaining pace. Tr. 29. Additionally, the ALJ found that Plaintiff had mild limitations in interacting with others and adapting or managing oneself. Tr. 29.

Without citing to the record, Plaintiff appears to argue that she has marked limitations in all four criteria under Paragraph B. ECF No. 24 at 6–7. She first asserts that she has marked limitations in understanding, remembering, or applying information because she reported that she needs help or reminders in grooming, taking her medicines, cooking, cleaning, paying her bills, and in going grocery shopping. *See* ECF No. 24 at 6. However, the ALJ explicitly noted this concern in his decision and in light of other medical evidence determined that a marked limitation was not proper. Tr. 29 ("However, the progress notes and medical reports do not

support [Plaintiff] having significant difficulty in understanding and/or following instructions."). Plaintiff fails to mention why the ALJ's reliance on said medical evidence was misguided, and the court will not reweigh the evidence.

Similarly, Plaintiff next contends that she has a marked limitation in interacting with others because she reported that she has withdrawn from interacting with others. ECF No. 24 at 6. In his decision, the ALJ explicitly noted that Plaintiff reported that she has withdrawn from interacting with others. Tr. 29. However, because other treatment reports and medical documents failed to corroborate Plaintiff's inability to interact with others, the ALJ determined that a mild limitation, not a marked limitation, was appropriate. Tr. 29. Plaintiff does not address the other record medical evidence discussed by the ALJ, and therefore this argument cannot stand.

Plaintiff's remaining arguments that criteria (3) (concentrating, persisting, or maintaining pace) and (4) (adapting or managing oneself) should be classified as marked suffer the same fate. Essentially, Plaintiff asserts that the criteria should be classified as marked because some medical evidence supports said conclusion, but Plaintiff fails to cite to the specific pages of the transcript containing the portions of the medical record that support her point of view. ECF No. 24 at 6. In her briefing, Plaintiff also does not acknowledge that the ALJ explicitly considered said evidence in his determination but instead decided that a marked limitation was improper because other medical evidence did not support that conclusion. *Compare* ECF No. 24 at 6 (Plaintiff arguing that "[w]ith regards to concentrating, persisting or maintaining pace, . . . [P]laintiff has severe limitations. During office visits with regular doctors, . . . [P]laintiff reported difficulties with attention and concentration. In the independent mental evaluations, . . . [P]laintiff consistently showed problems with immediate and short-term memories."), *with* Tr. 29 (The ALJ explaining that "[w]ith regard to concentrating, persisting or maintaining pace,

8

[Plaintiff] has a moderate limitation. During office visits with her regular doctors, [Plaintiff] reported difficulties with attention and concentration (Exs. 3F, 8F, 10F, 12F & 14F). Moreover, during the independent mental evaluations, the claimant consistently showed problems with immediate and short-term memories (Exs. 3F & 10F). Treatment notes, however, generally [find] adequate attention, concentration and thought content (Ex. 12F/13, 4)."); *Compare* ECF No. 24 at 6 (Plaintiff arguing that "[a]s for adapting or managing oneself, . . . [P]laintiff . . . has severe limitation. . . . [P]laintiff reported having severe difficulties in taking care of herself."), *with* Tr. 29 (The ALJ explaining that "[a]s for adapting or managing oneself, [Plaintiff] . . . has mild limitation. [Plaintiff] reported having some difficulties in taking care of herself (Exs. 1E & 5E at 2). However, during treatment visits and medical evaluations, [Plaintiff] has never been reported not properly dressed (Exs. 3F, 8F, 10F, 12F & 14F)."). The ALJ also alluded to, among other things, that the record does not contain evidence supporting Plaintiff having difficulty with self-control. Tr. 29. Again, Plaintiff fails to acknowledge or challenge with specific citations to the record the evidence that the ALJ relied on in determining that the Paragraph B criteria were not marked. Accordingly, the court will not accept Plaintiff's invitation to reweigh evidence. The ALJ did not err in his step three analysis.

   **B. Plaintiff's assertion that the ALJ erred in determining Plaintiff's RFC is waived.**

  Plaintiff makes several vague assertions that the ALJ erroneously assessed Plaintiff's RFC:

> In [determining the RFC], the [ALJ] didn't consider *all the symptoms* and the extent to which these symptoms can reasonably be accepted as consistent *with the objective medical evidence and other evidence*, . . . . The [ALJ] also didn't consider *the medical opinion(s) and prior administrative medical finding(s)*.
>   . . . .
> The Honorable ALJ did not afford proper weight to *the treating doctor's progress notes and the treating doctor's opinion* of the mental condition and the Residual Functional limitations that are severe.

9

> The Honorable ALJ didn't mention the *testimony of [Plaintiff]* and did not give any weight to the testimony of [Plaintiff] of her mental condition in combination with the *medical evidence of her treating doctors*.
>
> The [u]nfavorable [d]ecision of the [ALJ] contains an assessment of the [RFC] that does not include the functional limitations that causes the conditions [Plaintiff], or the functional limitations that causes the combination of all the conditions of . . . Plaintiff.
>
> . . . . In the [u]nfavorable [d]ecision the [ALJ] didn't consider *both severe and non-severe impairments*. . . .

ECF No. 24 at 7–8 (emphasis added). There are at least two significant problems with Plaintiff's arguments detailed above. First, there is not a single cite to the record to support Plaintiff's contentions. Second, Plaintiff's arguments are made without any specificity as to what she is challenging or otherwise referring to. For example, Plaintiff states that the ALJ did not consider medical opinions, treating doctor's opinions, and her own testimony; however, without more specificity, the court cannot ascertain what evidence Plaintiff is referring to exactly.

Admittedly, the court could undertake an exploratory journey in the record to verify the merit of Plaintiff's argument. This would entail, among other things, analyzing all the medical evidence, all of Plaintiff's testimony, and all of Plaintiff's symptoms. However, doing so would encourage Plaintiff's counsel to continue submitting briefs with skeletal arguments. *See United States v. Oliver*, 878 F.3d 120, 127 (4th Cir. 2017) ("Habitual sua sponte consideration of a forfeited issue disincentivizes vigorous advocacy and thereby chips away at the foundation of our justice system."). The court finds no reason to condone or do the job of Plaintiff's counsel. *United States v. Parsons*, 141 F.3d 386, 390 (1st Cir. 1998) ("It is counsel's job on appeal to mine the record and prove the alleged error, not to offer suggestive hints and leave the rest of the work to a busy court."); *Rodríguez-Machado v. Shinseki*, 700 F.3d 48, 50 (1st Cir. 2012) ("[D]oing [Plaintiff's] work for her is not an option, since that would divert precious judge-time

from other litigants who could have their cases resolved thoughtfully and expeditiously because they followed the rules."). Accordingly, Plaintiff's argument concerning the ALJ's analysis of Plaintiff's RFC is waived.

### C. Plaintiff has failed to show that the ALJ erred at step five.

Finally, Plaintiff contends that the step five finding was erroneous because the ALJ failed to ask the VE three specific hypothetical questions:

> 1. If we have a person with the same vocational descriptions as . . . Plaintiff and can only occasionally work in simple routing tasks?
>
> 2. If we have a person with the same vocational descriptions as . . .Plaintiff and has the [RFC] to perform work with the same limitation the [ALJ] made but . . . Plaintiff will be absent two days monthly all the months of the year?
>
> 3. If we have a person with the same vocational descriptions as . . . Plaintiff and has the [RFC] to perform work with the same limitation the [ALJ] made but . . . Plaintiff needs two more breaks of 20 minutes of the usual breaks they give in the economy?

ECF No. 24 at 7–8. In order to be relevant, a VE's testimony must respond to hypothetical questions that accurately reflect a plaintiff's functional work capacity. *See Arocho v. Sec'y of Health and Human Servs.*, 670 F.2d 374, 375 (1st Cir. 1982). "A proper hypothetical question is one that incorporates reasonably all disabilities of the [plaintiff] recognized by the ALJ, which accurately reflects all of the [plaintiff's] impairments and the degree of their severity." *Cruz-Valentin v. Astrue*, No. CV 11-2050, 2013 WL 1002419, at *9 (D.P.R. Mar. 13, 2013) (citation omitted). In other words, the ALJ need only pose hypotheticals which are supported by the record and may disregard unsupported hypotheticals. *Id.*; *Colon v. Astrue*, 841 F. Supp. 2d 495 (D. Mass. 2012) ("Nor was the ALJ bound to accept the factual premise of counsel's hypothetical where it was contradicted by the opinion of a medical professional.").

Plaintiff offers this court no reasons as to why these three hypotheticals should have been submitted. *See* ECF No. 24 at 7–8. Nor does Plaintiff cite to the record to indicate that the

11

proposed hypotheticals are supported by substantial evidence. *See* ECF No. 24 at 7–8. Additionally, Plaintiff does not challenge the hypotheticals posed by the ALJ in the administrative hearing. *See* ECF No. 24 at 7–8. Because Plaintiff fails to explain why her proposed hypotheticals are supported by substantial evidence in the record, remand is not warranted.

**V.     CONCLUSION**

Throughout most of Plaintiff's arguments, "she is asking [the court] to do one of two things: accept what she says as gospel or mine the record . . . to confirm the truth of her story—and there is no reason for [the court] to do either." *Rodríguez-Machado*, 700 F.3d at 49 (citation omitted). Based on the foregoing analysis, the court concludes that the decision of the Commissioner that Plaintiff was not entitled to disability benefits was supported by substantial evidence and contained no error warranting remand. Therefore, the Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of February, 2024.

s/Marcos E. López  
U.S. Magistrate Judge